MR. JUSTICE SHEEHY,
dissenting:
It is no credit to our Court that it follows meekly the fundamental errors of past decisions of this Court. When former interpretations of law take away a person’s right of remedy, the basic underpinnings of those interpretations are called to account. For if equal justice under the law is the supreme goal of American justice, inequality of right or result defeats that goal. The legislature cannot be blamed for this decision; the legislature rightly determined when and how livestock owners should control their animals at large. It is judge-made law, and not legislative fiat, that applies livestock containment laws to automobiles. Nowhere do those laws make reference to automobiles.
The majority approached this case all wrong. The livestock laws were never intended to determine the rights of motorists vis-a-vis livestock owners arising out of animal-automobile collisions. The objectives of our livestock containment laws are to control unwanted breeding by stray animals, to distinguish between animals on open range and in herd districts, to fix who has a duty to fence between livestock owners and landowners; and to provide for the taking and return of strays. These statutes have the venerability of antiquity: they preceded modern day vehicular traffic. They were enacted when road traffic consisted essentially of carriages and hay wagons, to which animals at large presented no danger. For their purposes, livestock containment laws have a valid application; for torts not related to their purposes, the livestock containment laws should be disregarded and the ordinary rules of negligence laws should apply. Then the task of the Court would be simple: was the defendant’s negligence a proximate cause of the motorist’s injuries, and comparatively, did the plaintiffs want of care contribute to her injuries.
*142 Application of livestock containment laws to animal-vehicular collisions, as in this case, creates a hotch-potch of dissimilar results from like incidents: the livestock owner is not liable if the animal is a purebred bull between July 1 and December 1; a mare, filly or jenny; or a cow. But the livestock owner may be liable if the animal is a mixed-breed bull anytime; a purebred bull between December 1 and June 1; a stallion, ridgeling or mule; or a sheep, a pig or a goat. When liability depends on the sex or kind of animal, or the time of the year and not the degree of negligence, the law is awry. Such confounded results say that some animals, at some times, are worth more than people.
How much more simple and concordant with our basic notions of liability it would be if we realized that the livestock containment laws were not applicable here, and decided this case on the well-worn and suitable statute of principle:
“. . . everyone is responsible not only for the results of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person except so far as the latter has willfully or by want of ordinary care brought the injury upon himself.”
Section 21-1-701, MCA.